United States District Court
Northern District of California

1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    TODD GLASS,                               Case No. 23-cv-00864-LJC

                   Plaintiff,
8
                                               **ORDER GRANTING MOTIONS TO**
9          v.                                  **WITHDRAW AND REQUIRING**
                                               **COUNSEL TO FILE LODGED**
10   DOCUSIGN, INC.,                           **MATERIALS UNDER SEAL BY**
                                               **AUGUST 18, 2023**
                   Defendant.
11                                             Re: Dkt. Nos. 11, 12

12

13         Before the Court are Sherry S. Hamilton's and Kevin A. Adams's Motions for Leave to

14   Withdraw as Counsel for Plaintiff.[1]  ECF Nos. 11 (Hamilton's Mot. to Withdraw), 12 (Adams's

15   Mot. to Withdraw).  On July 18, 2023, the Court held a hearing under seal regarding the Motions.

16   Having carefully considered the parties' arguments and the relevant legal authority, the Court

17   GRANTS Hamilton's and Adams's Motions to Withdraw for the following reasons.

18   I.    BACKGROUND

19         On February 24, 2023, Plaintiff Todd Glass filed this lawsuit concerning the data privacy

20   and cyber security vulnerabilities involved in utilizing Defendant DocuSign, Inc.'s (DocuSign)

21   electronic signature services.  ECF No. 1 (Compl. ¶¶ 1–3).  Plaintiff alleges that on February 13,

22   2023, DocuSign violated his federal rights under the Electronic Stored Communications Privacy

23   Act (18 U.S.C. § 2511) and the Stored Communications Act (18 U.S.C. § 2701), when it allegedly

24   allowed third-party hackers to hijack the DocuSign system to access Plaintiff's private

25   communications and documents.  Compl. ¶¶ 1, 3.

26

27   _____

28   [1] Adams's Motion to Withdraw also includes the withdraw of the law firm Mortenson Taggart
     Adams LLP.

1       The Complaint was drafted by Tony Lee of Fletcher, Heald & Hildreth, PLC and signed by

2   Sherry S. Hamilton and Kevin A. Adams of Mortenson Taggart Adams LLP.  ECF No. 13 (Opp.

3   to Mot. to Withdraw) at 9.[2]  Lee has not appeared in this case.  According to Plaintiff, Hamilton

4   and Lee recommended that Plaintiff forgo serving the current complaint due in part to their stated

5   concern regarding the shortage of privacy-related case law regarding e-signature companies.  Id.

6   Plaintiff agreed to delay service of his Complaint on DocuSign to further augment and revise his

7   Complaint, using an "outside legal resource" that he had identified.  Id.

8       On May 24, 2023, Plaintiff moved for an extension of time to serve the Summons and

9   Complaint on Defendant.  ECF No. 9.  On June 1, 2023, the Court denied Plaintiff's request,

10  reasoning Plaintiff failed to show that he diligently tried to serve Defendant pursuant to Rule 4(m)

11  of the Federal Rules of Civil Procedure.  ECF No. 10 (Order Denying Pl.'s Request for Admin.

12  Relief).  The Court also issued an Order to Show Cause (OSC) why the matter should not be

13  dismissed without prejudice for failure to serve Defendant.  Id.  The OSC hearing is currently

14  scheduled for November 7, 2023, with Plaintiff's response due two weeks in advance.  ECF

15  No. 24.

16      On June 2, 2023, Hamilton moved to withdraw from this matter, and Adams followed suit

17  on June 7, 2023, moving to withdraw himself and his firm, Mortenson Taggart Adams LLP.  ECF

18  Nos. 11, 12.  Hamilton asserts that withdrawal should be permitted on the grounds that Plaintiff's

19  conduct has rendered it unreasonably difficult to carry out the representation effectively.  ECF

20  Nos. 11 at 3, 11-1 (Hamilton Decl.) ¶ 3.  Adams similarly contends, in his motion to withdraw,

21  that "interactions with Plaintiff have been both limited and strained, rendering it unreasonably

22  difficult for Counsel to carry out the representation effectively."  ECF No. 12 at 3.  In light of

23  concerns about protecting privileged attorney-client communications, both attorneys offered to

24  provide the Court with more details *in camera* regarding the reasons for their motions to

25  withdraw.  ECF Nos. 11 at 3, 12 at 3.

26      Plaintiff opposed these motions on June 16, 2023, and Hamilton filed a reply on June 20,

27

28  [2] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system when the document is electronically filed on the court docket.

2

United States District Court
Northern District of California

United States District Court
Northern District of California

1    2023.  ECF Nos. 13 (Pl.'s Opp.), 14 (Hamilton's Reply).  On June 27, 2023, Adams filed a

2    declaration in lieu of Plaintiff's OSC response, stating Plaintiff's Counsel was "not in a position to

3    provide a response to the OSC on behalf of Plaintiff" due to a "breakdown in [the] relationship

4    with Plaintiff."  ECF No. 16 (Adams OSC Decl.) ¶¶ 4, 5.

5          On July 10, 2023, the Court ordered Hamilton and Adams to lodge for *in-camera* review

6    supplemental declarations, including exhibits, substantiating the grounds for their Motions to

7    Withdraw by July 17, 2023.  ECF No. 19 (Order Regarding Mot. to Withdraw).  The Court also

8    ordered Plaintiff to lodge a supplemental declaration that further substantiated his arguments in his

9    opposition to the Motions to Withdraw, including the retainer agreement with his current Counsel

10   and any efforts he has made to secure substitute counsel.  Id.  On July 17, 2023, Hamilton and

11   Adams lodged separate supplemental declarations, and Plaintiff filed on the Court docket his

12   supplemental declaration.  ECF Nos. 20, 21, 23.  Hamilton's declaration and exhibits were

13   accompanied with a certificate of service indicating that the same were sent by email to Plaintiff

14   on July 17, 2023.  Adams sent to the Court with his supplemental declaration and exhibits in an

15   email that was also addressed to two email addresses for Plaintiff.

16         On July 18, 2023, the Court held a hearing under seal on both motions to withdraw.

17   Hamilton and Adams argued the motions, and Plaintiff appeared as well, opposing the motions.

18   ECF No. 24.  At the hearing, Plaintiff raised concern that he had received Hamilton's

19   supplemental declaration late, despite the indication in the certificate of service.  The Court took a

20   recess to allow Plaintiff time to review Hamilton's supplemental declaration and exhibits.  The

21   Court noted that Hamilton's supplemental declaration included exhibits that largely consist of

22   copies of communications with Plaintiff, and thus, Plaintiff was aware of these communications

23   and had access to them in advance of the Hamilton's submission.  When the hearing reconvened

24   Plaintiff did not object or otherwise request additional time to review documents or oppose the

25   motions.

26   **II.    LEGAL STANDARD**

27         This District's Civil Local Rules authorizes an attorney to withdraw as counsel of record

28   if: (1) written notice has been given reasonably in advance to the client and all other parties in the

3

United States District Court
Northern District of California

1   action; and (2) the attorney obtains leave of Court.  Civ. L.R. 11-5(a).  Civil Local Rule 11-4(a)(1)

2   requires attorneys practicing in this Court to "comply with the standards of professional conduct

3   required of members of the State Bar of California."  Withdrawal of counsel is governed by Rule

4   1.16 of the California Rules of Professional Conduct.

5          The decision to permit the withdrawal of counsel is within the sound discretion of the trial

6   court.  See United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).  Courts "consider several

7   factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to

8   withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that

9   withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal

10  will delay resolution of the case."  Atkins v. Bank of Am., N.A., 2015 WL 4150744, at *1 (N.D.

11  Cal. July 9, 2015).

**III.    DISCUSSION**

13         Based upon the filings and the materials lodged with the Court for *in camera* review, and

14  arguments presented at the *in-camera* hearing, the Court is persuaded to exercise its discretion and

15  grant Hamilton, Adams, and Mortenson Taggart Adams LLP leave to withdraw.  The Court's

16  reasoning is as follows.

17         Initially, an attorney seeking leave to withdraw must comply with Rule 11-5(a) of the Civil

18  Local Rules, which requires written notice be given reasonably in advance to the client.  See

19  Brown v. City of Antioch, No. 16-CV-05102-LB, 2017 WL 2438989, at *1 (N.D. Cal. June 6,

20  2017).  Both Hamilton and Adams provided Plaintiff with notice of their intent to file a Motion to

21  Withdraw.  See Hamilton Decl. ¶ 2; ECF No. 12-2 (Adams Decl.) ¶ 4.  Hamilton notified Plaintiff

22  via email on May 8, 2023, that she would not continue to represent him, and he should start

23  looking for new counsel, and on May 30, 2023, she informed him of her intent to file the instant

24  motion seeking leave to withdraw.  Hamilton Decl. ¶ 2.  Adams appears to have given notice on

25  May 26, 2023, that his firm would not continue representing Plaintiff.  Adams Decl. ¶ 4.  The

26  motions were filed by Hamilton and Adams on June 2, 2023, and June 7, 2023, respectively.

27         This notice was reasonably in advance, given that this case is still in its infancy and

28  Plaintiff has long been aware that he has needed to retain additional counsel to prepare an

1   amended complaint.  Plaintiff has been on notice for months that his complaint required

2   augmentation and his attorneys were unable to handle the case on their own, as they did not have

3   expertise in privacy or cyber-security law.  See, e.g., ECF No. 13 at 9, ECF No. 9-1 at ¶¶ 5-6.  He

4   understood that that expertise would be necessary to amend his complaint.  Furthermore, timing to

5   serve and amend a complaint is finite.  See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 15(a)(1).

6   Counsel's notice is reasonable given the posture of the case, and Plaintiff's ongoing ability to seek

7   new counsel and request additional time to file an amended complaint and serve DocuSign.  ECF

8   No. 10 at 1–2 (scheduling OSC hearing in which Plaintiff may present "good cause" to allow his

9   case to continue).

10          Additionally, the four factors that courts consider when analyzing a motion to withdraw

11   favor approval of the withdrawal request.  First, the Court considers the reasons counsel seeks to

12   withdraw.  Pursuant to Rule 1.16(b)(4) of the California Rules of Professional Conduct, Hamilton,

13   Adams, and Adams's firm may withdraw from this case because Plaintiff's conduct "renders it

14   unreasonably difficult for [Counsel] to carry out the[ir] representation effectively."  Cal. R. Prof.

15   Conduct, Rule 1.16(b)(4).  Without Plaintiff's timely retention of additional counsel with privacy

16   and cyber-security law expertise, the preparation of an amended complaint, and reliable

17   communication, current counsel have been unable to proceed with the case.  Plaintiff's vague

18   statement indicating that at some point he has identified an "outside legal resource available to

19   augment and broaden" the complaint does not establish that he has identified and retained alternate

20   counsel with expertise, or that an amended complaint has been drafted and is ready for filing.

21   ECF No. 13 at 9; see, also, Adams Decl. ¶ 9; ECF No. 14-1 (Hamilton Reply Decl.) ¶ 2.  It is also

22   evident from communications between Plaintiff and counsel that a serious breakdown in trust has

23   occurred.  These circumstances strongly indicate that Hamilton, Adams, and the firm are no longer

24   able to effectively represent Plaintiff.

25          Second, the Court considers the possible prejudice that withdraw may cause to other

26   litigants.  As noted earlier, this case remains at an early stage and DocuSign has not been served.

27   Thus, any further delay will not have a significant effect on the case or prejudice DocuSign.  The

28   Court has extended Plaintiff's upcoming deadlines so that Plaintiff can have ample time to retain

United States District Court
Northern District of California

1    new counsel.  The Court's OSC response deadline is now set for October 24, 2023, and the OSC

2    hearing is set for November 7, 2023.  ECF No. 24.  If Plaintiff retains counsel with expertise who

3    are not admitted to practice in California, that counsel may be a candidate for *pro hac vice*

4    admission.

5         Moreover, Plaintiff will not be prejudiced by Hamilton's withdrawal because she admits

6    she cannot offer any meaningful assistance in this regard as she does not specialize in data privacy

7    or cyber security law.  Hamilton Reply Decl. ¶ 5.  Additionally, Plaintiff will not be prejudiced by

8    Adams's absence, as Adams admits he has a strained relationship with Plaintiff, and, due to

9    difficulties with Plaintiff, he has been "unable to assert any position or file any papers on behalf of

10   Plaintiff."  ECF No. 12 at 5.  Plaintiff argues that counsel are obligated to represent him through

11   discovery and completion of this case, but these arguments are unpersuasive given his

12   acknowledgement that alternate counsel with the expertise are necessary for the case to proceed.[3]

13        Plaintiff also contends that the case should not be delayed any further because it is a high

14   stakes matter that relates to his prior business dealings.  ECF No. 13 at 5–6.  It is difficult to

15   understand his argument, but it seems that the "backdrop" for the case involves a company that

16   Plaintiff founded in 1995 and which was slated to be sold in 2021.  Id. at 5.  The agreement to sell

17   fell through, and a principal shareholder withdrew his signature.  Id. at 6.  Even if this litigation

18   affects a separate dispute, the outlines that Plaintiff have sketched are insufficient to show that the

19   withdrawals of counsel who do not have the legal expertise necessary to continue his case will

20   prejudice him.  Expertise is necessary for both amending the complaint and conducting discovery.

21        Third, the Court considers the harm that withdrawal might cause to the administration of

22   justice.  There are no upcoming deadlines in this action other than those related to the OSC.  And

23   this Court anticipated Plaintiff's need and extended the OSC-related deadlines in this Order to

24   ensure Plaintiff had sufficient time to find new counsel or prepare to proceed *pro se*.  Plaintiff,

25   however, asserts that withdrawal of counsel would harm the public by delaying a case that will

26

27   ───────────────

[3] The record reflects that Plaintiff's counsel actively represented him and engaged with
28   DocuSign's counsel after the complaint was filed.  However, the motions and this order do not
     address the extent of any pre-litigation investigation.

6

United States District Court
Northern District of California

United States District Court
Northern District of California

1   address alleged risks that DocuSign poses to the public.  Plaintiff claims that DocuSign is failing

2   to prevent the spread of malware and cyberattacks.  The Court is not able to prejudge the merits of

3   Plaintiff's allegations.  These arguments are not grounds to deny the motions to withdraw,

4   especially as Plaintiff may retain new counsel or proceed *pro se*.  Moreover, Plaintiff has taken the

5   position that his attorneys lack the expertise to revise his complaint.

6   Finally, the Court considers the extent to which withdrawal will delay resolution of the

7   case.  Withdrawal of counsel will not delay litigation because counsel do not have the expertise to

8   prepare an amended complaint.  Nor has Plaintiff indicated that there is an amended complaint that

9   has been prepared and reviewed and is ready for filing and service by his current counsel, upon

10   leave granted by this Court.  The case is currently delayed because of the absence of an amended

11   complaint and alternate counsel that have the expertise to prepare amended pleadings.  Keeping

12   counsel in this case will not cure that deficiency.

13   Counsel seeking to withdraw from this case have satisfied Civil Local Rule 11-5(a)'s

14   requirement of reasonable advance notice, and the four factors discussed above favor allowing

15   counsel to withdraw.  Accordingly, the Court holds that counsel are permitted to withdraw.[4]

16   **IV.    CONCLUSION**

17   For the reasons stated above, the Motions to Withdraw are GRANTED.  ECF Nos. 11, 12.

18   Withdrawal will be effective after Hamilton and Adams file under seal the materials that they

19   lodged with the Court via email on July 17, 2023.[5]  The Court finds good cause for sealing those

20   lodged materials, as they were reviewed *in camera* to protect attorney-client privilege.  Hamilton

21   and Adams shall file the materials under seal by August 18, 2023.  Similarly, the Court finds good

22   cause for sealing the July 18, 2023 hearing, except for counsel and Plaintiff's access to the

23

24   [4] This order does not address any obligation that the attorneys in this case or Mortenson Taggart

25   Adams LLP may have pursuant to Rule 1.16(e)(2) of the California Rules of Professional Conduct to refund to Plaintiff for any part of a fee or expense that he paid to counsel or the firm that was not earned or incurred.

26   [5] Hamilton sent her email on July 17, 2023 at 8:02 am.  Adams sent two emails on the same day at

27   9:59 am and 3:52 pm.  Adam's first email contained his supplemental declaration and his second email attached material that that Plaintiff served on him via email that afternoon.  Plaintiff's

28   material appeared to be the same supplemental declaration that he filed on the court docket, with a few additional pages.

7

1    transcript as noted in the Minute Order, ECF 24.

2         The Clerk shall terminate Sherry S. Hamilton, Kevin A. Adams, and Mortenson Taggart

3    Adams LLP as counsel for Plaintiff Todd Glass after the lodged materials are filed under seal.

4    Their names, however, shall remain on the electronic notification list in the above captioned

5    matter through the date upon which the Court conducts a hearing on the OSC.  Hamilton, Adams,

6    and Mortenson Taggart Adams LLP are not required to represent Plaintiff at the OSC, as the

7    motions to withdraw have been granted.  However, they shall respond, as needed, to any order or

8    notice that the Court may issue and direct at them prior to resolution of the OSC.  Hamilton and

9    Adams shall serve copies of this order on Plaintiff via email and mail.  Plaintiff shall register to

10   become an electronic filer in this case by August 18, 2023.

11        **IT IS SO ORDERED.**

12   Dated: August 11, 2023

13

14   _____

15   LISA J. CISNEROS
     United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28